UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIQUID EVENTS WORLDWIDE,<br><br>                    Plaintiff,<br><br>     -against-<br><br>SERVECORP,<br><br>                    Defendant. | 1:22-CV-0629 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

   Sean Matthew Finnegan filed this *pro se* complaint in which he names Liquid Events Worldwide ("LEW") as the sole plaintiff and ServeCorp as the sole defendant. He also filed an *in forma pauperis* ("IFP") application for LEW.

   The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). "The statute does not permit 'unlicensed laymen to represent anyone else other than themselves.'" *Id.* (quoting *Eagle Assocs.*, 926 F.2d at 1308). "This rationale 'applies equally to all artificial entities.'" *Id.* (quoting *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993)); *see also Rowland*, 506 U.S. at 202-03 (noting that all artificial entities, including corporations, partnerships, and associations may only appear in federal court through counsel).

   While Finnegan does not allege that he is an attorney, he seems to assert that LEW is a corporation. (*See* ECF 2, at 4) (alleging that, among other things, ServeCorp "tampered with mail, both personal and corporate"). Finnegan cannot assert any claims in this court on behalf of

LEW or seek IFP status in this court for that entity. Accordingly, because Finnegan may only represent himself *pro se*, and because he seeks IFP status and raises claims, not on his own behalf, but on behalf of LEW, the Court denies LEW's IFP application, and dismisses this action, without prejudice.

## CONCLUSION

The Court denies LEW's IFP application, and dismisses this action, without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Sean Matthew Finnegan, at 421 8th Avenue, Unit 522, New York, New York 10116, and note service on the docket.[1]

SO ORDERED.

Dated:   February 7, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[1] By order dated January 3, 2022, the Court directed Finnegan to show cause by declaration, within 30 days, why the Court should not bar him from filing any future civil action in this court IFP without prior permission. *Finnegan v. Dist. of Columbia Superior Court*, ECF 1:21-CV-10946, 4 (S.D.N.Y. Jan. 3, 2022). Finnegan has not filed a declaration in response to that order yet. Instead, he has filed additional actions in this court, including this action. Because of that, on January 28, 2022, the Court ordered held in abeyance any future civil action Finnegan files in this court until the Court decides whether to bar Finnegan in the manner discussed in the Court's January 3, 2022, order. *Finnegan*, ECF 1:21-CV-10946, 5 (S.D.N.Y. Jan. 28, 2022).